MAY *v.* SHARP.

4-4402

Opinion delivered December 14, 1936.

*L. P. Biggs* and *Carmichael & Hendricks,* for appellants.

*L. A. Hardin, Ross Mathis* and *W. J. Dungan,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered in the chancery court of Woodruff county against appellants in favor of. appellee for $2,783.50. The judgment was based upon a finding of a master appointed by the trial court to state an account between appellee and appellants, growing out of the construction of buildings for various persons, covering a number of years in which May & Sharp were the contractors and the Arkansas Lumber & Manufacturing Company, a corporation, furnished materials and money to construct the buildings.

The partnership of May & Sharp was dissolved by agreement the latter part of the year 1931. One of the jobs undertaken by May & Sharp was the construction of a church building for the Church of Christ in said county. At the time, the Bank of McCrory was the owner of a mortgage on said property for about $1,600. When the job was completed, the church was unable to pay May &

Sharp all they owed and gave Sharp a note for $1,000 and a second mortgage upon its property to secure same.

On June 10, 1933, the Bank of McCrory brought suit in the chancery court of Woodruff county against the trustees of the church to foreclose its first mortgage and made W. C. Sharp, W. S. May and G. C. May parties defendant, the alleged owners of the second mortgage in order to foreclose their equity of redemption in the property as second mortgagees.

W. C. Sharp intervened, claiming to be the sole owner of the $1,000 note and the second mortgage given to secure it, which note had been taken wrongfully by W. S. May, G. C. May, and the Arkansas Lumber & Manufacturing Company and appropriated to their own use without authority from him.

The Arkansas Lumber & Manufacturing Company, as well as the two Mays, were made parties defendant in the intervention. The Arkansas Lumber & Manufacturing Company filed a cross-complaint against W. C. Sharp, alleging that it became the owner of the second mortgage and notes secured by it under a settlement between it and Sharp for materials and money furnished May & Sharp in the construction of the church building. Sharp also alleged that W. S. May was a member of the partnership firm of May & Sharp and that he owned the major part of the stock in the Arkansas Lumber & Manufacturing Company and that it was necessary to have a general accounting between him and W. S. May, G. C. May and the Arkansas Lumber & Manufacturing Company on a large number of construction contracts or jobs covering a period of several years in order to determine the amount due him, growing out of the partnership, and from the Arkansas Lumber & Manufacturing Company and from W. S. May, who was the silent partner in the firm or partnership of May & Sharp.

It was alleged in the cross-complaint of the Arkansas Lumber & Manufacturing Company that each one of the construction contracts or jobs was settled when the job was finished and that the part of the profit going to Sharp was credited to him on the books and that the amount

due him after paying for the materials and money advanced by it for labor, etc., was paid to him.

Answers were filed by the Mays and Arkansas Lumber & Manufacturing Company to the intervention of Sharp, denying the allegations in the intervention, and by Sharp to the cross-complaint of the Arkansas Lumber & Manufacturing Company, denying the material allegations therein.

In the meantime, the McCrory Bank had secured a decree of foreclosure against the church property, including the equity of redemption of May & Sharp, an order of sale, the sale thereof, and a commissioner's deed to it, said bank having purchased the property at the sale for an amount sufficient to pay its first mortgage note, interest and costs, leaving no excess with which to pay any part of the second mortgage.

In the foreclosure decree, the court retained control of the case for the purpose of determining the issues raised or which might be raised on the pleadings between Sharp, the Mays and the Arkansas Lumber & Manufacturing Company.

On May 13, 1935, a master was appointed by the trial court to state an account between W. C. Sharp and W. S. May, G. C. May and the Arkansas Lumber & Manufacturing Company. The master took testimony covering all the jobs or construction contracts between May & Sharp and various third parties, finding that W. S. May, G. C. May and W. C. Sharp were partners, doing business under the firm name of May & Sharp, and that at the time the partnership was dissolved W. S. May and G. C. May were indebted to Sharp in the sum of $2,783.50, and that W. C. Sharp was not indebted to the Arkansas Lumber & Manufacturing Company in any amount. These findings were approved by the chancery court, and judgment was rendered in Sharp's favor against the Mays for $2,783.50, and the complaint of the Arkansas Lumber & Manufacturing Company was dismissed.

A mass of testimony was taken, which we have read very carefully, and, after doing so, have concluded a decided preponderance of the testimony shows that W. S.

May was not a member of the partnership of May &
Sharp, and that a preponderance of the evidence shows
that each job, when completed, was adjusted between
G. C. May and W. C. Sharp and the Arkansas Lumber &
Manufacturing Company, and that W. C. Sharp received
his share of the profits on each job either as a credit on
his personal account with the Arkansas Lumber & Manu-
facturing Company or in cash and that, at the conclusion
of all the transactions between May & Sharp, Sharp
owed the manufacturing company on his personal ac-
count $1,254.13, for which said corporation was entitled
to a judgment against him.

It could serve no useful purpose as a precedent to set
out the testimony of each witness either in substance or
detail, and to do so would extend this opinion to an un-
usual length. Suffice it to say that our conclusion is that
the master's report and decree of the trial court is based
upon the erroneous conclusion that a partnership existed
between W. C. Sharp, G. C. May and W. S. May, doing
business under the firm name of May & Sharp; whereas,
the partnership existed between G. C. May and W. C.
Sharp only; and that an open and continuing account
covering a period of years existed between May & Sharp
and the Arkansas Lumber & Manufacturing Company,
involving many jobs and contracts; whereas, each job
or contract was wholly independent of the others and
was adjusted and settled between all parties concerned
as and when the jobs and contracts were severally com-
pleted. Relative to the $1,000 note secured by the second
mortgage on the church property, we find that it was
turned over to the Arkansas Lumber & Manufacturing
Company in settlement of the material used in the Mc-
Crory job and is the property of said corporation.

The decree is reversed, and the cause is remanded
with directions to the trial court to render a judgment
in favor of the Arkansas Lumber & Manufacturing Com-
pany against W. C. Sharp for the amount due it on
Sharp's personal account.